(No. 1956— )

GEORGE F. MINER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 15, 1933.*

ARTHUR L. ISRAEL, for claimant.

OTTO KERNER, Attorney General; CARL I. DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE VAUSE delivered the opinion of the court:

The stipulation entered into between counsel for the claimant and the Attorney General shows the following to be the material facts in this case. About December 14, 1914, the claimant was certified and appointed to the position of Chief Clerk in the office of the State Food Commissioner (since 1917 Division of Foods and Dairies, Department of Agriculture) and held such office and performed the duties thereof until March 14, 1932. On this date claimant was given a discharge notice by the Director of Agriculture on the ground that he was physically unable to fulfil the duties of the position, but within five (5) days thereafter, claimant filed with the Civil Service Act, a petition for a hearing on the dismissal charges; that a hearing was held by the Civil Service Commission on April 19, 1932, and on May 10, 1932, the Commission rendered an official opinion that the claimant had been discharged for political reasons and ordering claimant reinstated to his position and ordering the Director of the Department of Agriculture and the Superintendent of the Division of Foods and Dairies to cause all back salary to be paid to the claimant; that a copy of the proceedings before the Civil Service Commission was received by the claimant on May 20, 1932, and he reported on that date for work as chief clerk, and continued until July 9, 1932; that claimant has not received from the State or any department thereof his salary as chief clerk for the months of April and May, 1932; that the salary of chief clerk in the Division of Foods and Dairies was fixed

by the regular biennial appropriations for ordinary and contingent expenses of the Department of Agriculture by the Fifty-seventh General Assembly at Three Thousand Dollars ($3,000.00) per annum, and that claimant received his salary at the rate of Two Hundred Fifty Dollars ($250.00) per month prior to April 1, 1932, and subsequent to June 1, 1932; that a verbal demand was made by claimant for such back salary upon the Department of Agriculture; that the Director of the Department of Agriculture on July 1, 1932, sent to the claimant copy of an opinion of the Attorney General which showed that a voucher was issued by the Department of Agriculture, payable to the claimant for salary for the months of April and May, 1932, from the department's appropriation for extra help, and the Attorney General's opinion was that payment of such back salary could not be made from a departmental appropriation for extra help; that no further claim was ever presented or any other demand made for the payment of such back salary except as made by the filing of the declaration in this cause.

The chief clerk's salary for the months of April and May, 1932, having been exhausted and the director having no appropriation from which to pay the back salary for the months of April and May, 1932, it was found impossible to comply with the order of the Civil Service Commission requiring payment to claimant of the back salary for the months of April and May, 1932. Under these facts it is the opinion of the court that the claim of the claimant in the sum of Five Hundred Dollars ($500.00), under the facts and circumstances presented in this case, should be allowed, and claimant is therefore awarded and allowed the sum of Five Hundred Dollars ($500.00).